IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA A. FERARI, | : | |
|     Plaintiff | : | Civil Action No. 1:07-cv-01287 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
|     Defendant | : | |

## **MEMORANDUM**

Before the Court is Lisa A. Ferari's complaint seeking judicial review of the Commissioner of Social Security's decision to deny Plaintiff's claim for disability benefits (Doc. No. 1), Magistrate Judge J. Andrew Smyser's Report and Recommendation ("R&R") (Doc. No. 8), the Commissioner's objections to the R&R (Doc. No. 9), and Ferari's brief in opposition to the objections (Doc. No. 10). For the reasons that follow, the Court will overrule the Commissioner's objections, adopt the R&R, and remand the case to the Commissioner for further proceedings consistent with the R&R.

**I.    BACKGROUND**

In the interest of economy, the Court incorporates by reference the background and procedural history of the case as presented in the R&R. (Doc. No. 8, at 1-6).

**II.   DISCUSSION**

To prevail on a disability claim, an individual must prove that he or she has an actual disability. 42 U.S.C. § 423(a)(1)(E). The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not

less than 12 months." Id. § 423(d)(1)(A).  An individual is unable to engage in substantial gainful activity if "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  Id. § 423(d)(2)(A).  In determining whether a claimant is disabled, the Commissioner must "consider the combined effect of all of the individual's impairments," regardless of whether any such impairment, considered separately, would merit granting the claim.  Id. § 423(d)(2)(B).

The Social Security Administration has developed a "five-step sequential evaluation process" for determining whether a claimant is disabled.  Plummer, 186 F.3d at 428.  Specifically, the Commissioner must determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment;[1] (4) whether the claimant's impairment prevents the claimant from doing past relevant work; and (5) whether the claimant's impairment prevents the claimant from doing any other work.  See 20 C.F.R. § 404.1520; id. § 416.920.

The claimant bears the burden of proving disability with one exception: that is, once the claimant establishes that he or she is unable to do any past relevant work, clearing the fourth step, "the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability."  Plummer v.

---

[1] There are presently fifteen listed impairments including skin disorders, neurological disorders, and immune system disorders, to name a few.
20 C.F.R. ch. III, pt. 404, subpt. P, app. 1.

Apfel, 186 F.3d 422, 428 (3d Cir. 1999).  To make such a showing, the Commissioner "must provide evidence that demonstrates that jobs exist in significant numbers in the national economy that [the claimant] can do. . . ."  Clarification of Use of Vocational Experts and Other Sources at Step 4 of the Sequential Evaluation Process, 68 Fed. Reg. 51,153, 51,155 (Aug. 26, 2003).  "[T]he ultimate burden of persuasion to prove disability, however, remains with [the claimant]," id., for "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so," Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

In his R&R, Magistrate Judge Smyser states that, once the ALJ had determined that Ferari could not perform her previous work, "[t]he burden then shifted to the Commissioner to prove that she has the [ability] to perform other work." (Doc. No. 8, at 13.)  Pointing to this passage, the Commissioner charges that the R&R "errs in its assessment of the burdens of the parties" in that it "suggests that the Commissioner had the burden of proving that Ferari had the residual functional capacity to perform work." (Doc. No. 9, at 1.)  The Commissioner further faults the R&R for "[its] inference that the administrative adjudication process is adversarial." (Id. at 4.)  "When this case is considered as a non-adversarial proceeding, and the burden of proof is appropriately placed on the claimant," the Commissioner contends, "the deferential standard of review used in these cases calls for judgment [against the Plaintiff]." (Id. at 5.)

As Ferari notes in her opposing brief, "nothing in the [Commissioner]'s position on burden of proof regarding residual functional capacity at step five changes the correctness of the Magistrate Judge's conclusion that the decision of the ALJ is not supported by substantial evidence and should be remanded." (Id. at 23.)  Magistrate Judge Smyser based his conclusion

3

upon the ALJ's failure to provide an "adequate rational" for "find[ing] a loss of a capacity to do past work, but then . . . find[ing] an ability to do other, not significantly dissimilar, work." (Id. at 8.)  Equally damaging in his estimation was the "absence of a substantial evidence basis for the inferences that the ALJ has drawn" from the treating physician's report, wherein the physician opined that Plaintiff "is totally, permanently and completely disabled from work." (Doc. No. 8, at 10.)  After a careful review of the record, the Court agrees that, no matter who bore what burden, the ALJ's decision to deny Plaintiff's claim for Social Security disability benefits is not supported by substantial evidence.  (See id. at 23.)

**IV.    CONCLUSION**

For the foregoing reasons, the Court will overrule the Commissioner's objections, adopt the R&R, and remand the case to the Commissioner for further proceedings consistent with the R&R.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LISA A. FERARI, | : | |
|     Plaintiff | : | Civil Action No. 1:07-cv-01287 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
|     Defendant | : | |

## ORDER

**AND NOW**, on this 1st day of July, 2008, having given due consideration to Magistrate Judge J. Andrew Smyser's Report and Recommendation (Doc. No. 8) and finding the Commissioner's objections thereto (Doc. No. 9) to be without merit, **IT IS HEREBY ORDERED THAT**:

1. The Commissioner's objections to the Report and Recommendation (Doc. No. 9) are **OVERRULED**.

2. The Report and Recommendation (Doc. No. 8) is **ADOPTED**.

3. The case is **REMANDED** to the Commissioner for further proceedings consistent with the Report and Recommendation.

                                                        S/ Yvette Kane
                                                        Yvette Kane, Chief Judge
                                                        United States District Court
                                                        Middle District of Pennsylvania